[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONPLAINTIFF'S MOTION TO REARGUE
The plaintiff has filed a motion to reargue addressed to the court's prior decision granting the motion of Compaction Systems Corporation to intervene as a party plaintiff. Compaction Systems CT Page 7089 was the employer of the plaintiff Clordy Williams at the time of the accident that is the subject of this lawsuit.
On January 17, 1994, the plaintiff caused a letter to be sent to Compaction Systems apprising them of this lawsuit, and proof of receipt established that Compaction received it on January 24, 1994. Conn. Gen. Stat. Sec. 31-293 provides that the employer may join the action of its employee as a party plaintiff to recover workers' compensation benefits, if it so moves within thirty days of receipt of written notice concerning the pendency of the employee's lawsuit. Compaction moved to intervene on March 18, 1994, more than thirty days after its receipt of written notice.
Compaction's motion to intervene was printed on the Short Calendar to be heard on April 4, 1994, as a non-arguable matter. No one claimed it for oral argument, and no other party filed any written objection or raised in any way the untimeliness of the intervention. Other motions were also listed in this case to be heard as arguable matters on the same day, and certain of the other parties in the case did appear at the calendar call to argue them and to have certain other motions go off. Relying upon the printed calendar that the matter was properly printed as non-arguable and that no one had contacted her requesting an off-marking, counsel for Compaction did not appear, and the Motion to Intervene was taken on the papers and granted by the court (Rodriguez, J.) on April 8, 1994.
Counsel for the plaintiff Clordy Williams now requests reargument, alleging that he thought the Motion to Intervene was going off with the other arguable matters that were being marked off, but concedes that he made no such request of counsel for Compaction or communicated with Compaction's counsel in any way about the court's hearing the matter; nor had he any knowledge of any other party having so communicated with Compaction's counsel. Rather he has filed this motion to reargue along with an Objection to the Motion to Intervene and a memorandum of law dated April 12, 1994, raising the statutory deadline of 31-293 for the first time.
Under the circumstances here, the court finds that the plaintiff Clordy Williams waived his objection to the intervention, having failed to file a timely written objection to the motion or to otherwise bring to the court's attention that the intervention was untimely under the statute, without sufficient excuse for having so failed. CT Page 7090
The Motion to Reargue is denied and the order of the court permitting the intervention of Compaction Systems Corporation as a party plaintiff shall stand.
PATTY JENKINS PITTMAN, JUDGE